UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**

**MICHAEL J. WADSWORTH, SR.**

      **Debtor.**

_____/

**SHARON M. FURMAN,**

      **Plaintiff,**

**v.**

**MICHAEL J. WADSWORTH, SR.**

      **Defendant.**

_____/

Chapter 7
Case No. 09-74496-WSD
HON. WALTER SHAPERO


Adversary Case No. 10-4020

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      Plaintiff, Sharon M. Furman, by her counsel, Steinberg Shapiro & Clark, requests that this

court enter Summary Judgment in favor of Plaintiff and against Michael J. Wadsworth, Sr. for the

reasons set forth in Plaintiff's accompanying Brief in Support of this Motion. A proposed order is

attached. Plaintiff's counsel requested Defendant's concurrence with the relief sought in this motion

pursuant to L.B.R. 9104-1(g). Plaintiff was unable to obtain Defendant's concurrence.

                              STEINBERG SHAPIRO & CLARK

                              /S/ Mark H. Shapiro (P43134)
                              Attorney for Plaintiff
                              25925 Telegraph Road, Suite 203
                              Southfield, MI 48033
                              (248) 352-4700
                              shapiro@steinbergshapiro.com

Date:   April 22, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

**MICHAEL J. WADSWORTH, SR.**                    Chapter 7
                                                 Case No. 09-74496-WSD
    **Debtor.**                                   HON. WALTER SHAPERO
_____/
**SHARON M. FURMAN,**

    **Plaintiff,**

**v.**                                           Adversary Case No. 10-4020

**MICHAEL J. WADSWORTH, SR.**

    **Defendant.**
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    This matter has come before the court upon Plaintiff's Motion for Summary Judgment.

Defendant was served with Plaintiff's motion along with a 14 Day Notice pursuant to L.B.R.

9014-1, and no objections were timely served.  The court has reviewed Plaintiff's Motion for

Summary Judgment and Brief in Support and finds good cause to grant the relief requested.

    **NOW, THEREFORE,**

    **IT IS ORDERED** that the debt owed by Defendant to Plaintiff, Sharon M. Furman, in

the amount of $22,317.32, plus judgment interest, is nondischargeable pursuant to 11 U.S.C.

§523(a)(6).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

**MICHAEL J. WADSWORTH, SR.**                 Chapter 7
                                              Case No. 09-74496-WSD
     **Debtor.**                              HON. WALTER SHAPERO
_____/

**SHARON M. FURMAN,**

     **Plaintiff,**

**v.**                                        Adversary Case No. 10-4020

**MICHAEL J. WADSWORTH, SR.**

     **Defendant.**
_____/

## 14 DAY NOTICE OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

     Plaintiff, Sharon M. Furman, has filed papers with the court requesting entry of an Order Granting Plaintiff's Motion for Summary Judgment in the above-referenced adversary proceeding.

     **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

     If you do not want the court to grant the motion, or if you want the court to consider your views on the motion, then on or before 14 days from the date of service of this notice, you must:

File with the court a written objection or request for a hearing at:[1]

     **INTAKE OFFICE**
     **U.S. Bankruptcy court**
     211 West Fort Street, 17th Floor
     Detroit, Michigan 48226

If you mail your objection or request for hearing to the court for filing, you must mail it early enough so the court will **receive** it on or before the 14 day period expires.

_____

[1]Objection or request for hearing must comply with F.R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

**STEINBERG SHAPIRO & CLARK**
**c/o Mark H. Shapiro, Esq.**
25925 Telegraph Road, Suite 203
Southfield, Michigan 48033
(248) 352-4700

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

STEINBERG SHAPIRO & CLARK

 /S/ Mark H. Shapiro (P43134)
Attorney for Plaintiff
25925 Telegraph Road, Suite 203
Southfield, MI 48033
(248) 352-4700
shapiro@steinbergshapiro.com

Dated: April 22, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**

**MICHAEL J. WADSWORTH, SR.**                    Chapter 7
                                                 Case No. 09-74496-WSD
    **Debtor.**                                    HON. WALTER SHAPERO
_____/

**SHARON M. FURMAN,**

    **Plaintiff,**

**v.**                                           Adversary Case No. 10-4020

**MICHAEL J. WADSWORTH, SR.**

    **Defendant.**
_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Procedural Background

On November 8, 2009, Michael J. Wadsworth, Sr. filed a voluntary Petition for Relief under

Chapter 7 of the Bankruptcy Code (Docket No. 1). On January 5, 2010, Plaintiff commenced the

above-captioned adversary proceeding seeking a determination that the debt owed by Defendant to

Plaintiff in the amount of $22,317.32 is nondischargeable pursuant to 11 U.S.C. §523(a)(6)

(Adversary Docket No. 1).  On February 22, 2010, Defendant filed an Answer to the Complaint

(Adversary Docket No. 10).  As explained below, the Plaintiff is entitled to summary judgment on

her complaint.

### Statement of Facts

On or about January 14, 2009, Plaintiff, Sharon M. Furman, filed a Complaint against

Defendant and Deborah Kay Sisk, also a Debtor in Chapter 7 proceedings before this Court, for

conversion of personal property in the Jackson County District Court.[1] (Exhibit A, State Court Complaint "Complaint"). As set forth in Count II of the Complaint, during July 2008, the Defendant, assisting Deborah Kay Sisk, and without Plaintiff's authorization, removed Plaintiff's property consisting of a chandelier, fireplace mantel, water softener and window screens from the residence located at 4217 Dartmore Lane in Jackson, Michigan, and wrongfully converted and concealed the property for their own use. Despite Plaintiff's demands, the Defendant and Deborah Kay Sisk refused to return the property.

On the date set for trial of the State Court action, the 12th District Court heard Plaintiff's Motion for Summary Disposition as to Count II - Conversion, and following the same, entered a Judgment against Defendant and Deborah Kay Sisk, jointly and severally, for conversion of personal property in the amount of $22,317.32. (Exhibit B, State Court Judgment "Judgment"). As of the date of filing of the Debtor's Voluntary Petition, the Judgment remained unpaid and outstanding, including judgment interest accruing at the statutory rate, through the date of filing of the Debtor's Voluntary Petition. Plaintiff seeks a determination that the debt owed by the Defendant to the Plaintiff in the amount of $22,317.32 is nondischargeable pursuant to 11 U.S.C. §523(a)(6).

<u>Standard of Review</u>

Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, courts must construe the evidence and draw all reasonable inferences

---

[1] *Sharon M. Furman v. Michael Jay Wadsworth and Debbie Sisk*, Case No. 09-0250 GC+O GC, Jackson County 12th District Court.

2

in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 565 (6th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

<u>Argument</u>

**A.      Nondischargeability of Debt - 11 U.S.C. § 523(a)(6)**

Section 523(a)(6) excepts from discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. *See* 11 U.S.C. § 523(a)(6). A willful and malicious injury pursuant to 11 U.S.C. §523(a)(6) includes a willful and malicious conversion of personal property. *Bonfiglio v. Harkema Associates, Inc. (In re Bonfiglio),* 171 B.R. 245, 248-49 (Bankr. E.D. Mich. 1994); *In re Meyer*, 7 B.R. 932, 933 (Bankr. N.D. Ill. 1981). An act is willful if done with the actual intent to cause injury. *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998). The intent to cause injury exists when "the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it." *Spring Works, Inc. v. Sarff (In re Sarff)*, 242 B.R. 620 (Bankr. 6th Cir. 2000) (quoting *In re Markowitz,* 190 F.3d 455, 464 (6th Cir. 1999)); *Monsanto Co. v. Trantham (In re Trantham),* 304 B.R. 298, 307 (Bankr. 6th Cir. 2004). An action is malicious if it is "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *In re Trantham,* 304 B.R. at 308 (quoting *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir. 1986)).

3

> 1. *The Judgment for conversion entered by the 12th District Court established all of the factual requisites for nondischargeability pursuant to 11 U.S.C. § 523(a)(6).*

In Michigan, "[s]tatutory conversion ... consists of knowingly 'buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property.' MCL 600.2919a." *Campbell v. Sullins*, 257 Mich. App. 179, 191 (Mich. App. 2003) (citing *Head v. Phillips Camper Sales & Rental, Inc.,* 234 Mich. App. 94, 111 (1999)). Specifically, MCL 600.2919a provides for recovery of three times the actual amount of damages sustained plus costs and attorney fees for the following:

> (a) Another person's stealing or embezzling property or converting property to the other person's own use.

> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

In this case, Plaintiff's State Court Complaint specifically includes allegations that Defendant knowingly and wrongfully converted and concealed for his own use Plaintiff's property without Plaintiff's consent. On the date set for trial of the State Court action, the 12th District Court heard Plaintiff's Motion for Summary Disposition as to Plaintiff's conversion claim. The 12th District Court thereafter entered a Judgment against Defendant for conversion of personal property in the amount of $22,317.32. There is no ambiguity in the State Court Judgment. The Judgement clearly sets forth liability against Defendant for damages for conversion of personal property pursuant to MCL 600.2919a. The State Court Judgment for conversion established all of the factual requisites for nondischargeability pursuant to 11 U.S.C. §523(a)(6).

4

### 2.    Conversion constitutes willful and malicious injury to property.

To demonstrate that a debt resulted from a "willful and malicious" injury, the plaintiff must establish that the defendant either (1) intended to cause the injury, or (2) engaged in an intentional act from which he believed injury would be substantially certain to result. *In re Ci Qing Zhou*, 331 B.R. 274, 276 (Bankr. E.D. Mich. 2005) (citing *In re Markowitz*, 190 F.3d 455, 464). "The intentional tort of conversion meets the requirements of 11 U.S.C. §523(a)(6) for nondischargeability by virtue of a 'willful and malicious injury.'" *In re Bonfiglio,* 171 B.R. at 249.    In this case, Plaintiff's State Court Complaint specifically provides that Defendant wrongfully converted and concealed the property for his own use to the damage of Plaintiff.    The conversion was both willful and malicious as Defendant was aware that Plaintiff had not consented to or authorized the removal of the property.    As a result of Defendant's unauthorized and unlawful conversion of Plaintiff's property, Plaintiff suffered damages.    Since Plaintiff did not authorize Defendant to take or remove the property, Defendant's unauthorized and wrongful dominion and control constitutes willful and malicious injury.

### B.    Collateral Estoppel Precludes Relitigation.

Collateral estoppel applies in nondischargeability actions and can be applied by a Bankruptcy Court to avoid relitigating any ground for nondischargeability which was previously litigated in a prior proceeding. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981); *In re Moffitt*, 254 B.R. 389, 394 (Bankr. N.D. Ohio 2000); *In re Callender*, 212 B.R. 276, 279-80 (Bankr. W.D. Mich. 1997). Therefore, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Rally Hill Productions, Inc. v. Bursack (In re Brusack)*, 65 F.3d 51, 53 (6th Cir. 1995) (quoting *Migra v. Warren*

5

*City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). The Michigan Supreme Court has defined collateral estoppel as follows:

> Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issues was (1) actually litigated and (2) necessarily determined.

*People v. Gates*, 434 Mich. 146, 154 (1990) (citing *Jacobson v. Miller*, 41 Mich. 90, 93 (1879); *Howell v. Vito's Trucking & Excavating Co.*, 386 Mich. 37, 42 (1971)).  In Michigan, collateral estoppel precludes the relitigation of an issue in a subsequent, different action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was actually litigated and necessarily determined. *Id*.

       1.     *Plaintiff's conversion claim was actually litigated.*

The Michigan Supreme Court has held that when considering whether an issue was actually litigated in the prior proceeding the Court must consider more than what was plead and argued, it "must also consider whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue." *Gates*, 434 Mich. at 156-57 (citing *Blonder-Tongue Laboratories, Inc., v. Univ. of Illinois Foundation*, 402 U.S. 313, 329 (1971)).  In this case, the issue was actually litigated as Defendant had a full and fair opportunity to litigate the issue of conversion during the date set for the State Court trial on August 6, 2009. (Exhibit B, Judgment).  Since Defendant substantially participated in the defense of the underlying State Court action, including the date set for trial whereupon a Judgment for conversion was entered, the actually litigated requirement is met and the State Court Judgment is entitled to collateral estoppel effect under Michigan law. *In re Callender*, 212 B.R. at 280.

6

Further, in the prior proceeding, the 12th District Court determined that Defendant was liable for conversion of Plaintiff's personal property. The 12th District Court's finding of conversion precludes any additional litigation of the facts relative to Plaintiff's claims. The Judgement clearly identified that it was based upon Plaintiff's conversion claim from the State Court Complaint. Consequently, the State Court Judgment is entitled to collateral estoppel effect and Defendant is collaterally estopped from denying that this conduct was both willful and malicious.

2.   *Plaintiff's conversion claim was necessarily determined.*

The Michigan Supreme Court has held that "[a]n issue is necessarily determined only if it is 'essential' to the judgment." *Gates*, 434 Mich. at 158. "Collateral estoppel applies only where the basis for the prior judgment can be ascertained clearly, definitely and unequivocally." *Id*. The issue in this case is whether a judgment for conversion under Michigan law has been established. Plaintiff's State Court Complaint specifically includes allegations for statutory conversion of Plaintiff's property. Further, the State Court Judgment clearly provides that following a hearing on Plaintiff's Motion for Summary Disposition, a Judgment against Defendant as to Plaintiff's conversion claim was entered against Defendant. Collateral estoppel is applicable as it is "clearly, definitely, and unequivocally" ascertainable that the State Court Judgment was based upon Plaintiff's conversion allegations as set forth in the Complaint. Thus, the factual issues were presented and actually litigated in the State Court.

As demonstrated, there is no ambiguity in the State Court Judgment. The State Court Judgment clearly sets forth a finding that Defendant was found liable as to the conversion claim. Therefore, Plaintiff has demonstrated that the requirements of estoppel have been met as the issue of conversion was necessarily and actually litigated in the State Court. Consequently, collateral

7

estopppel precludes relitigation of the conversion claim.

Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court enter an order finding the debt owed by Defendant to Plaintiff in the amount of $22,317.32 is nondischargeable.

STEINBERG SHAPIRO & CLARK

 /S/ Mark H. Shapiro (P43134)
Attorney for Plaintiff
25925 Telegraph Road, Suite 203
Southfield, MI 48033
(248) 352-4700
shapiro@steinbergshapiro.com

Date:   April 22, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**

**MICHAEL J. WADSWORTH, SR.**                    Chapter 7
                                                 Case No. 09-74496-WSD
    **Debtor.**                                HON. WALTER SHAPERO
_____/
**SHARON M. FURMAN,**

    **Plaintiff,**

**v.**                                           Adversary Case No. 10-4020

**MICHAEL J. WADSWORTH, SR.**

    **Defendant.**
_____/


**<u>Exhibit List</u>**


| <u>Exhibit</u> | <u>Description</u> |
|---|---|
| A | State Court Complaint |
| B | State Court Judgment |

## STATE OF MICHIGAN

## IN THE 12TH DISTRICT COURT FOR THE COUNTY OF JACKSON

---

**SHARON M. FURMAN,**

           Plaintiff,

v

**MICHAEL JAY WADSWORTH
and DEBBIE SISK,** Jointly and Severally,

           Defendants.

_____/

Honorable _Filip_

Case No. 08- _09-0250 GC+M_

**COMPLAINT**

---

Daniel A. Goostrey P58019
PARKER & ADAMS, P.C.
Attorney for Plaintiff
419 4th Street, PO Box 126
Jackson, MI 49204-0126
(517) 787-1513

_____/

## **COMPLAINT**

      THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THIS COMPLAINT.

    **NOW COMES** the Plaintiff, **Sharon M. Furman,** by and through her attorneys,

Parker and Adams, P.C., and for her Complaint against the Defendants, states as follows:

    1.     That at all relevant times hereto, the Plaintiff, Sharon M. Furman, was a

resident of Jackson County, Michigan.

    2.     Upon information and belief of the Plaintiff, the Defendant, Michael J.

Wadsworth, is a resident of the County of Jackson, and State of Michigan.

3.     Upon information and belief of the Plaintiff, the Defendant, Debbie Sisk, is a resident of the County of Jackson, and State of Michigan.

4.     That the incident which gives rise to this lawsuit occurred in the County of Jackson, State of Michigan.

5.     The amount in controversy in under $25,000, or is otherwise within the jurisdiction of this Court.

### Count I - Unpaid Rent

6.     That Plaintiff as Lessor, and the Defendant, Michael J. Wadsworth, as Lessee, are parties to a residential Lease Agreement dated January 10, 2005 ("the Lease") covering the premises located at 4217 Dartmore Lane, Jackson, Michigan ("the Premises"). A copy of the Lease is attached to this Complaint as Exhibit #1.

7.     On or about June 6, 2008, the Plaintiff served the Defendant Wadsworth with a "Notice to Quit" for failure to pay rent as required by the terms of the Lease.

8.     That Defendant Wadsworth refused to vacate the Premises and refused to pay rent as required.  Consequently, in July 2008, Plaintiff initiated legal proceedings for possession of the Premises.

9.     On or about August 1, 2008, Defendant Wadsworth vacated the Premises.

10.    That after Defendant Wadsworth vacated the Premises, Plaintiff took possession of the Premises in order to re-rent it.

11.    That at the time Defendant Wadsworth vacated the Premises, he owed $480.00 in back rent, which to date remains unpaid.

WHEREFORE, Plaintiff requests that this Court enter a Judgment in favor of Plaintiff against the Defendant Michael Wadsworth, in the amount of $480.00, together with Court costs, interest and attorney fees.

2

## Count II - Conversion

12.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 11, as if fully set forth herein.

13.     That Plaintiff is the owner of the following property, which was located at the Premises, with respective values indicated.

|  | Estimated Cost |
|---|---|
| Chandelier | $  3,000.00 |
| Wooden Fireplace Mantel | 200.00 |
| Water Softener | 2,000.00 |
| Two Window Screens | 100.00 |
| Total | 5,300.00 |

14.     That on or about July, 2008, Defendant Wadsworth removed the aforementioned property from the Premises, and did wrongfully convert and conceal same for his own use to the damage of Plaintiff.

15.     That Defendant Sisk aided Defendant Wadsworth in the removal of the aforementioned property and further assisted in the wrongful conversion and concealment of same for her own use to the damage of the Plaintiff.

16.     That at no time did Plaintiff authorize Defendants to take or use the aforementioned property.

17.     That Plaintiff has orally demanded return of the aforementioned property and has filed a police report with the Jackson County Sheriff's Department, Complaint #2008-00004092.

18.     That the Defendants have both expressly and by their silence failed to return Plaintiff's property or otherwise remunerate Plaintiff for the value of same.

3

19.     That the acts detailed above, describe unlawful conversion of Plaintiff's property resulting in damages to the Plaintiff in the amount of $5,300.00.

20.     That pursuant to MCR 600.2919(a), the Plaintiff is entitled to treble damages in the amount of $15,900.00, plus costs, interest and attorney fees.

WHEREFORE, Plaintiff requests that this Court enter a Judgment in favor of Plaintiff against the Defendant Michael Wadsworth, individually, in the amount of $480.00, and jointly and severally against Defendants Michael Wadsworth and Debbie Sisk, in the amount of $15,900.00, together with Court costs, interest and reasonable attorney fees, and any other value that the Court may deem appropriate under the circumstances.

<u>Count III - Damage to Premises</u>

21.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

22.     On or about August 2, 2008, the Plaintiff took possession of the premises in order to re-rent same.

23.     That upon inspecting the Premises, the Plaintiff discovered that the Defendant Wadsworth had damaged the premises in the following ways:

A.     Removed turbine from roof and replaced with a dog dish, causing major leaking around the turbine area.

B.     Removing antenna from roof and not securing shingles, causing water damage and roof replacement.

C.     Intentionally placing a stopper inside the shower drain under the drain cover, causing the shower to back up and flood the premises.

D.     Disassembling the water pump to cause it to be inoperable.

4

E.    Leaving the livingroom and diningroom partially painted.

24.    That there was no security deposit required by the Lease.

25.    Pursuant to Paragraph 7(a) of the Lease, Defendant Wadsworth was required to maintain the Premises in the same condition as when it was received, to not allow any waste, misuse, or neglect.

26.    That Plaintiff was required to expend $6,552.81 to repair damages caused by Defendant Wadsworth.

WHEREFORE, Plaintiff requests that this Court enter a Judgment in favor of Plaintiff against the Defendant Michael Wadsworth, in the amount of $6,552.81, together with Court costs, interest and attorney fees.

Dated:  January 14, 2009                    PARKER & ADAMS, P.C.


                                            Daniel A. Goostrey (P 58019)
                                            Attorney for Plaintiff

D5E/DAG/mlc/Furman.Wadsworth Complaint.wpd

5

*Copy*

# LEASE AGREEMENT

This Lease Agreement is entered into and effective this _13_ day of _June_, 2005, by and between **SHARON FURMAN**, of 3135 Whipple, Jackson, MI 49201, ("Lessor") and **MICHAEL J. WADSWORTH**, a single man, of 4217 Dartmoor Lane, Jackson, MI 49203, ("Lessee").

## NOW COME THE PARTIES AND HEREBY AGREE AS FOLLOWS:

1.     **TERM AND PREMISES:** Lessor does hereby rent and lease to the Lessee, upon the terms and conditions hereinafter set forth, the property commonly known as 4217 Dartmoor Lane, Jackson, Michigan 49203, together with all fixtures and appliances currently therein ("Premises"). The term of this Lease shall commence on the effective date set forth above, and shall continue until terminated as herein provided. Provided further, said Lease, if not otherwise terminated as herein provided, shall terminate upon the earliest of the following occurrences:

     (a)     The death of Michael J. Wadsworth.

     (b)     If Michael J. Wadsworth has vacated the Premises for a continuous period of 30 days.

     (c)     If Sharon Furman ceases owning the Premises.

     (d)     The death of Sharon Furman.

2.     **RENTAL CONSIDERATION:** Lessee shall, as consideration for this Lease, pay the sum of $480.00, per month, beginning _April 1_, 2005, and on the _1st_ day of each month thereafter, unless amended in writing.

3.     **OCCUPANCY:** The Premises shall be used solely for private residential purposes. Only the following individuals shall reside at the Premises: _Michael J. Wadsworth_ _____. If additional people occupy the Premises without Lessor's written consent, Lessor shall have the right to terminate this Lease.

4. **SUBLEASE AND ASSIGNMENT:** Lessee shall not sublet the Premises nor assign this Lease without the prior written consent of the Lessor. Lessee's liability hereunder shall not be released or affected in any way if Lessor consents to said Assignment/Subletting.

5. **UTILITIES AND SERVICES:** In addition to the rent provided for herein, the parties agree as follows:

     (a)     Lessee shall be responsible for, and pay timely, all utility services relative to the Premises, including, but not limited to, electrical, gas, fuel oil, water, sewage, garbage service, telephone, water softener rental, etc.

(b)     Lessee shall further be responsible:

     (i)      to maintain the lawn and shrubbery, and clean the eavestroughs.

     (ii)     for snow and ice removal.

     (iii)    to change the screens, storm doors and windows, as applicable.

6.     **ANIMALS:**   No dogs, cats, pets or other animals will be kept upon or about the Premises without the prior written consent of the Lessor.

## 7. CONDITION OF PREMISES:

(a) Lessee acknowledges that the Premises have been examined and have been received in good condition and further agrees to maintain the Premises in the same condition as when received and will not allow any waste, misuse or neglect. If damage or waste occurs to the Premises while in the possession of, or through any act or omission of Lessee, the responsibility to remedy the same shall be that of the Lessee.

(b) Lessee shall keep the Premises in a clean and sanitary condition and will not permit junk or garbage to accumulate on or near the Premises. Lessee will not violate or permit the violation of any applicable laws, statutes or ordinances relative to the Premises. Lessee shall not use the Premises in such a manner as to generate noise which will disturb other tenants or neighbors nor harass or bother other tenants or neighbors in any manner. Further, no illegal substances shall be on or used at said premises.

(c) If Lessee fails to comply with the terms and conditions of the foregoing, or if damage or waste occur to the Premises while in the possession of, or as a result of Lessees' acts or omissions, Lessor shall be entitled to enter the Premises and cure the breach and perform all repairs which may be necessary in and about the Premises. The cost of such cure and repair shall be additional rent due hereunder, and payable to Lessor upon invoicing for the same.

(d) If the Premises require structural or major mechanical repairs, they shall be the obligation of the Lessor, except as otherwise specified herein.

(e) If anything happens which makes the Premises uninhabitable, Lessor shall have the option to terminate this Lease and re-enter the Premises or Lessor may repair the Premises within a reasonable time and Lessee's obligation under the Lease shall continue to be binding.

8.     **RIGHT OF INSPECTION:**    Upon the Lessee being given reasonable notice, Lessor or its agents shall have the right to enter upon the Premises at reasonable times to examine

or protect the same, or to make such repairs, additions or alterations as may be deemed necessary by Lessor or its agents.

9.     **ALTERATIONS AND IMPROVEMENTS:**     Lessee shall make no alterations or structural changes to the Premises, nor install any additional locks or bolts anywhere, nor do any painting, without the prior written consent of the Lessor. However, any improvements consented to, shall remain for the benefit of the Lessor.

10.     **PERSONAL PROPERTY OF LESSEE:**    All personal property and effects belonging to Lessee or to any person or occupant of the Premises that are in or on the Premises shall be there at the risk of Lessee or such person or occupant only. Lessor and its agents shall not be liable for any damage thereto whether by theft or otherwise. If the Premises are vacated or abandoned and any personal property is left in, on or about the Premises, then such property shall be deemed abandoned by the Lessee, if such property is not claimed or removed by the Lessee within three (3) days after the termination of occupancy.

11.     **PARKING:**    Lessee shall park his automobiles in the driveway or garage.

12.     **QUIET ENJOYMENT:**    Upon timely payment of the rents due by the Lessee and Lessee's performance of his obligations under this Lease, Lessee shall have peaceful and quiet use of the Premises during the term of this Lease.

13.     **DEFAULT:**    If default shall be made at any time by the Lessee in the payment of rent, or in the performance of the conditions or covenants of this Lease specified to be performed on the part of the Lessee, the parties agree that Lessor shall have the right to cancel this Lease forthwith and to thereafter take physical possession of said Premises and remove the Lessee and all other persons therefrom. If default be made by the Lessee, and if Lessor exercises its option to cancel as herein provided, then in addition to all other remedies now or hereafter provided by law or in equity, Lessor may take possession of the Premises and rent the same for the remainder of the term at the highest reasonable rental they may obtain and Lessee shall make good any deficiency which may result. If Lessee becomes insolvent or bankrupt or makes an assignment for the benefit of creditors, or if Lessee's property is placed in receivership, Lessor may terminate this Lease.

14.     **SECURITY DEPOSIT:**   None.

**\*\*\*\* NOTICE TO TENANTS: YOU MUST NOTIFY YOUR LESSOR IN WRITING WITHIN FOUR (4) DAYS AFTER YOU MOVE OF A FORWARDING ADDRESS WHERE YOU CAN BE REACHED AND WHERE YOU WILL RECEIVE MAIL. OTHERWISE, YOUR LESSOR SHALL BE RELIEVED OF SENDING YOU AN ITEMIZED LIST OF DAMAGES AND THE PENALTIES ADHERENT TO THAT FAILURE.\*\*\*\***

15. **NOTICES:** THE NAME AND ADDRESS AT WHICH NOTICE REQUIRED UNDER THE MICHIGAN TRUTH-IN-RENTING ACT MAY BE GIVEN TO THE LESSOR IS AS SET FORTH BELOW:

(a) All other notices or demands given pursuant to this Lease, or required by law, shall be deemed to have been fully given and sent when in writing and deposited in the United States mail, first class and postage prepaid, and addressed to the Lessor at the following address and to Lessee at the address of the Premises or Lessee's last known mailing address. The address to which any notice or demand is given may be changed by written notice given by such party as provided herein.

(b) All notices required or furnished hereunder, shall be mailed addressed as follows until such address is changed by thirty (30) days notice in writing:

LESSOR: **Sharon Furman**
**3135 Whipple**
**Jackson, MI 49201**

LESSEE: **Michael J. Wadsworth**
**4217 Dartmoor Lane**
**Jackson, MI 49201**

16. **HOLDING OVER:** If Lessee remains in possession of the Premises, with or without the consent of the Lessor, after the expiration of the term of this Lease, a new tenancy from month-to-month shall be created between Lessor and Lessee which shall be subject to all the terms and conditions hereof but which shall be terminable by thirty (30) days written notice served by either Lessor or Lessee on the other party.

17. **ENTIRE AGREEMENT:** This Lease sets forth all the covenants, agreements, conditions and understandings between Lessor and Lessee concerning the Premises. No modification, amendment, change or addition to this Lease shall be binding upon Lessor or Lessee unless reduced to writing and signed by both parties.

18. **PARTIAL INVALIDITY:** If any term, covenant, or condition of this Lease or the application of such term, covenant, or condition to any person or circumstance shall be invalid or unenforceable, to any extent, the remainder of this Lease, or the application of such term, covenant, or condition of this Lease shall be valid and be enforced to the fullest extent permitted by law.

19. **MISCELLANEOUS:**

(a) The additional pages of rules, regulations, and provisions attached hereto, if any, read and signed by all parties, shall be a part of this Agreement.

4

(b)     This Lease shall be subject to and construed according to the laws of the State of Michigan. This Lease shall be binding upon and inure to the benefit of the respective successors and assigns of the Lessor, and the permitted successors and assigns of the Lessee. The paragraph headings herein are for convenience only and shall not affect the construction hereof.

(c)     All parties acknowledge that they have read, understood and agreed to all of the provisions herein and that they agree that any violation of the said provisions shall constitute a breach of this Agreement and provide the Lessor with grounds for immediate institution of eviction proceedings, and/or Lessors' other legal and equitable remedies.

(d)     Lessee shall return all keys to Lessor immediately upon termination of occupancy.

20.     **INDEMNIFICATION:**  Lessee shall indemnify, defend, and hold Lessor harmless from any and all loss or damage or liability to person or property occurring on or arising out of the occupancy or use of the Premises and occasioned wholly or in part by any act or omission by Lessee, its agents, or invitees.

21.     **ENVIRONMENTAL MATTERS:**   Should any environmental corrective actions be required by order of an appropriate governmental authority, Lessee shall be responsible for the expense of such clean up as is attributable to its leasing, occupation, or use of the Premises, including such occupation or use by Lessee prior to execution of this Agreement, and shall indemnify, defend, and hold Lessor harmless therefore.

22.     **INSURANCE:**   Lessee at his expense, shall provide and keep in effect a renter's policy covering his personal property with general liability insurance in which Lessor shall be named as an additional insured with minimum limits of liability in respect to bodily injury or death of $300,000 for each occurrence, and in respect of property damage of $100,000 for each occurrence.

Lessor will provide Casualty insurance, insuring all improvements on the Premises, including the residence, against loss or damage by fire, windstorm, or other casualty, in such amounts that Lessor deems appropriate, together with general liability insurance on the Premises.

23.     **ADDITIONAL PROVISIONS:**

(a)     All repairs and maintenance of any appliances and minor mechanical repairs at the Premises shall be the sole responsibility of Lessee.

(b)     The obligations of Lessee contained in this Agreement shall extend beyond termination of the Lease term, (i.e., Indemnification, Environmental Matters, etc.).

5

(c)   Lessee hereby agrees to pay all costs, charges, and expenses, including reasonable attorney fees, incurred by Lessor in any proceeding relative to enforcement of this Lease Agreement, or the collection of sums due hereunder.

### "NOTICES"

**MICHIGAN LAW ESTABLISHES RIGHTS AND OBLIGA-TIONS FOR PARTIES TO RENTAL AGREEMENTS. THIS AGREEMENT IS REQUIRED TO COMPLY WITH THE MICHIGAN TRUTH-IN-RENTING ACT. IF YOU HAVE A QUESTION ABOUT THE INTERPRETATION OR LEGAL-ITY OF A PROVISION OF THIS AGREEMENT, YOU MAY WANT TO SEEK ASSISTANCE FROM A LAWYER OR OTHER QUALIFIED PERSON.**

**IN WITNESS WHEREOF,** the parties hereto have executed this Lease Agreement, on the date set forth with their respective signature, to be effective on the date of the last signature.

WITNESSES:

*Barbara A Cousey*

*Susan E. Headley*

*Barbara A Cousey*

*Susan E. Headley*

**LESSOR:**

*Sharon Furman*

Sharon Furman
Dated: *Jun 10*, 2005

**LESSEE:**

*Michael Wadsworth*

Michael J. Wadsworth
Dated: *1-10*, 2005

D56/KJP/Wadsworth-Furman Lease

## STATE OF MICHIGAN

## IN THE 12ᵀᴴ DISTRICT COURT FOR THE COUNTY OF JACKSON

---

**SHARON M. FURMAN,**

Honorable Joseph S. Filip

Plaintiff,

Case No. 09-0250 GC+O GC

v

**MICHAEL JAY WADSWORTH and**　　　　**JUDGMENT**
**DEBBIE SISK,** Jointly and Severally,

Defendants.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/

---

Daniel A. Goostrey P58019　　　　　MICHAEL JAY WADSWORTH
PARKER & ADAMS, P.C.　　　　　　And DEBBIE SISK
Attorney for Plaintiff　　　　　　　Defendants In Pro Per
419 4ᵗʰ Street, PO Box 126　　　　　327 Bayport Circle
Jackson, MI 49204-0126　　　　　　Springport, MI 49284
(517) 787-1513

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/

---

At a session of said Court, held in the Jackson County
Courthouse, on this 21 day of ___August___, 2009.

HONORABLE Joseph S. Filip, District Court Judge

This case was scheduled for Trial before the Court on August 6, 2009. At the Trial,

Plaintiff voluntarily dismissed Count I - Unpaid Rent, and Count III - Damages to Premises.

The Court then heard Plaintiff's Motion for Summary Disposition as to Count II -

Conversion.

The Court returned a verdict for the Plaintiff, Sharon Furman, against Defendant,

Michael Jay Wadsworth and Defendant Debbie Sisk, jointly and severally, with respect to

Count II - Conversion.

IT IS ORDERED, in accordance with the Plaintiff's Motion to Dismiss; Count I - Unpaid Rent, and Count III - Damages to Premises, are dismissed with prejudice for the reasons set froth on the record.

IT IS FURTHER ORDERED, for the reasons set forth on the record, in accordance with the Court's verdict for Plaintiff, Sharon Furman, a Judgment in favor of Plaintiff, Sharon Furman, shall be entered against Defendants, Michael Jay Wadsworth and Debbie Sisk, jointly and severally, for the following damages and in the following amounts:

| | |
|---|---|
| Conversion of Personal Property | $ 5,300.00 |
| Treble Damages (pursuant to MCL 600.2919a) | x 3 |
| | $ 15,900.00 |
| Attorney Fees (pursuant to MCL 600.2919a) | 5,925.00 |
| Total Costs (Before trial/Trial) | 167.76 |
| Total Verdict for Plaintiff, Furman | $ 21,992.76 |
| Interest From Date of Filing | 324.56 |
| (158 days @ 3.695% + 52 days @ 3.101%) | |
| Total Judgment for Plaintiff, Sharon Furman, and against Defendants, Michael Jay Wadworth and Debbie Sisk, jointly and severally | $ 22,317.32 |

This Order disposes of the last remaining claim and closes the case.

P22920

8/21/09

Honorable Joseph S. Filip
District Court Judge